BHARANIDHARAN PADMANABHAN *vs.* KIMBERLEY YOUT. May 26, 2017. *Supreme Judicial Court*, Superintendence of inferior courts.

The petitioner, Bharanidharan Padmanabhan, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

In 2013, the respondent, Kimberley Yout, commenced a product liability action in the Superior Court against Biogen Inc. and Elan Pharmaceuticals, LLC, related to a medication used to treat multiple sclerosis. She subsequently amended her complaint to include Padmanabhan, a medical doctor, and his

company, Scleroplex, Inc., claiming medical malpractice stemming from Padmanabhan's treatment of her multiple sclerosis with that medication. Padmanabhan moved to dismiss the claims against both him and, purportedly, Scleroplex, on several bases: that venue was improper, that service was improper and ineffective, and that the claims were barred by the applicable statute of limitations.[1] The motion was denied. Padmanabhan then filed his G. L. c. 211, § 3, petition, which the single justice denied without a hearing.

There is no reason why review of the denial of Padmanabhan's motion to dismiss cannot adqequately be obtained on appeal from any final adverse judgment in the trial court, and Padmanabhan has made no argument to the contrary. This court's extraordinary power of general superintendence under G. L. c. 211, § 3, is not a shortcut for the normal process of trial and appeal. See *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986) ("Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied"). All of the claims Padmanabhan raised in his petition in this case are remediable in the normal course. The single justice therefore did not err or abuse his discretion in denying the petition.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Bharanidharan Padmanabhan*, pro se.

*Kimberly A. Dougherty* for the respondent.

---

[1]As the trial court judge properly noted, although Padmanabhan, who is not a lawyer, is free to represent himself, he may not represent another person or entity, including Scleroplex. See *Varney Enters., Inc.* v. *WMF, Inc.*, 402 Mass. 79, 79 (1988) ("[A] corporation may not be represented in judicial proceedings by a corporate officer who is not an attorney licensed to practice law in the Commonwealth").